UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH JACKSON (05-B-1287),

                          Plaintiff,

v.

CHRISTOPHER MONIN and ERIC WAGNER,

                          Defendants.
_____

**ORDER**

13-CV-00004-RJA-JJM

      Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against defendants Christopher Monin and Eric Wagner, employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging retaliation and excessive force from a May 6, 2012 incident. Amended Complaint [8],[1] Claim II.[2] Before me is plaintiff's April 30, 2015 motion to compel [19] responses to his December 1, 2014 document demands and interrogatories. Jackson Affidavit [19], p. 4 of 8, ¶5. Rather than setting a briefing schedule on that motion, I scheduled conference for May 13, 2015 in an attempt to address the motion informally. May 5, 2015 Text Order [20]. In advance of that conference, defendants filed interrogatory responses [21, 22] and their response to plaintiff's request for production of documents [24].

      At the May 13, 2015 conference I raised some preliminary issues concerning defendants' responses to plaintiff's discovery demands that I wanted the parties to address, and

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     All other claims and defendants have been dismissed. *See* May 28, 2014 Order [10].

upon further reflection, there are additional issues I would also like the parties to address. Therefore, by May 28, 2015 defendants shall submit a letter brief addressing the following:

- -   Whether defendants have waived their objections to plaintiff's discovery demands by failing to timely respond to plaintiff's document demands. *See* Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229, 237 (W.D.N.Y. 1998) ("[A] failure to respond or object to a discovery request in a timely manner waives any objection which may have been available").

- -   In response to plaintiff's request for all grievances and unusual incident reports against the defendants, they object that these requests are overly burdensome since DOCCS does not maintain these materials sorted by staff involved or by subject matter. *See* [24], Responses to Request Nos. 2 and 3.  Defendants shall address whether it would be unduly burdensome to produce these materials for the one-year period prior to the incident, especially where DOCCS elects to maintain these records in a fashion that makes them burdensome to retrieve. *See* Newman & Associates v. J.K. Harris & Co., LLC, 2005 WL 3610140, *1 (S.D.N.Y. 2005) ("[A] party's failure to maintain its documents in a searchable manner does not ordinarily justify its invoking what is, in effect, a self-created burden as an excuse not to produce otherwise relevant documents"). *Compare with* Dorsey v. New York, 2011 WL 4529115, *1 (W.D.N.Y. 2011) ("It has been repeatedly held by this court that because inmate grievances and complaints filed against DOCS employees are filed according to the inmates making the grievances or complaints, the search required to identify the DOCS employees against whom such grievances or complaints are made would be unduly burdensome and time-consuming, and that such burden would outweigh any benefits provided by the requested discovery").

- -  In response to many of plaintiff's document requests, defendants object that the documents sought are maintained by DOCCS, a non-party, and that they are not in the possession, custody, or control of the individual defendants. *See, e.g.*, [24], Responses to Request Nos. 1 and 2. Defendants shall address whether this is a meritorious objection given the relationship between the individual defendants and DOCCS and that the individual defendants are sued in their official capacities (Amended Complaint [8], p. 3 of 27, ¶¶7, 8). *See* Gross v. Lunduski, 304 F.R.D. 136, 141-44 (W.D.N.Y. 2014) (finding a similar objection to be without merit).

Plaintiff may file a letter response to defendants' submission by June 8, 2015 and these submissions will be addressed at a conference scheduled for June 15, 2015 at 10:30 a.m. Defendants' counsel shall arrange for plaintiff's telephonic participation in the June 15, 2015 conference and defendants' counsel may also participate by telephone upon advance notice to chambers. The court will initiate the call.

**SO ORDERED.**

Dated: May 14, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge