UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH JACKSON (05-B-1287),            **DECISION AND ORDER**

                Plaintiff,

v.                                                      13-CV-00004-RJA-JJM

CHRISTOPHER MONIN and ERIC
WAGNER,

                Defendants.
_____

        Plaintiff Joseph Jackson, an inmate, commenced this 42 U.S.C. §1983 action *pro se* against defendants Christopher Monin and Eric Wagner, employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging retaliation and excessive force from a March 6, 2012 incident. Amended Complaint [8],[1] ¶¶54-55.[2] Before me is plaintiff's April 30, 2015 motion to compel responses to his December 1, 2014 document demands and interrogatories. Jackson Affidavit [19], p. 4 of 8, ¶5. For the following reasons, the motion is granted in part and denied in part.

### BACKGROUND

        The following is a compilation [3] of plaintiff's document requests and defendants' responses:

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     All other claims and defendants have been dismissed. *See* May 28, 2014 Order [10].

[3]     The requests and responses are taken from defendants' response to plaintiff's request for production of documents [24] and defendants' supplemental response [31].

**REQUEST No. 1:** A copy of any and all documents relating to corrections officer staff training and education.

**RESPONSE:** Defendants object to this request on the grounds that the documents sought are not in their care, custody or control, that it is overly broad and burdensome and that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, and without waiving same, if Plaintiff will narrow this request to a particular type of training, Defendants will reconsider their objection.

**REQUEST No. 2:** All grievances written against you.

**RESPONSE:** Defendants object to this request and declines to produce documents in response on the grounds that the documents sought are not in his care, custody or control, that it is overly broad and burdensome and that it is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, DOCCS has advised Defendants' counsel that it does not maintain grievances sorted by the security staff involved or by subject matter.

**REQUEST No. 3:** All UIRs that you've been involved in.

**RESPONSE:** Same as response to Request No. 2

**REQUEST No. 4:** A copy of your assigned post on March 6, 2012.

**RESPONSE**: Defendants object to this request on the grounds that it is vague and ambiguous and that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, without waiving same, and to the extent Defendants, understand this request, Documents responsive to this request are produced at Bates Nos. 1-6.

**REQUEST No. 5:** A copy of the Superintendent/Supervising area Sergeant's approval of Plaintiff's cell search on March 6, 2012.

**RESPONSE:** DOCCS advises that they have no documents responsive to this request.

**REQUEST No. 6:** A copy of Inmate/Witnesses names and DIN#'s who locked in C-Block 32-37 cell, 32-39, 31-37 and 31-38 on March 6, 2012.

**RESPONSE:** DOCCS advises that there is no documentation available that identifies the names and DIN numbers of the inmates that were housed on Plaintiff's Company on March 6, 2012. Accordingly, there is no way of knowing where those inmates are today.

**REQUEST No. 7:** A copy of what facilities these Inmate/Witnesses are in now.

**RESPONSE:** Same as response to Request No. 6.

**REQUEST No. 8:** Identify and attach a copy of any and all documents of all officers (supervising officers included) on duty in C-Block on March 6, 2012.

**RESPONSE:** Defendants object to this request on the grounds that the documents sought are not in their care, custody or control, that it is overly broad and burdensome and that it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, and without waiving same, if Plaintiff will narrow this request to a particular type of document, Defendants will reconsider their objection.

**REQUEST No. 9:** A copy of any and all documents pertaining to the Authorization of Plaintiff's transfer from Attica Correctional Facility to Five Points Correctional Facility in September of 2012.

**RESPONSE:** DOCCS provides documents in response to this request. *See* [31-1].

**REQUEST No. 10:** A copy of any and all documents relating to prison medical center staff training and education.

**RESPONSE:** Defendants object to this request and declines to produce documents in response on the grounds that the documents sought are not in his care, custody or control, that it is overly broad and burdensome and that it is not reasonably calculated to lead to the discovery of admissible evidence.

Before setting a briefing schedule on plaintiff's motion, I scheduled a conference for May 13, 2015, in an attempt to resolve the motion informally. May 5, 2015 Text Order [20].[4] In advance of that conference, defendants filed interrogatory responses [21, 22] and their response to plaintiff's request for production of documents [24], which defendants' counsel explains were not timely filed and served due to a calendaring lapse.  June 17, 2015 letter brief [32], p. 1.

The parties were unable to resolve the motion at the May 13, 2015 conference and I also had some questions about defendants' discovery responses.  Therefore, by Order dated May 14, 2015,  I requested the parties to address: 1) whether defendants have waived their

---

[4]    While plaintiff did not meet and confer with defendants prior to filing his motion to compel as required by Fed. R. Civ. P. ("Rule") 37(a)(1) and LR Civ. P. 7(d)(4), I consider the May 13, 2015 conference to satisfy this requirement.

objections to plaintiff's discovery demands by failing to timely respond to them; 2) whether it would be unduly burdensome to produce grievance and unusual incident reports ("UIRs") against defendants for the one-year period prior to the incident, especially where DOCCS elects to maintain these records in a fashion that makes them burdensome to retrieve; and 3) whether it is a meritorious objection to argue that documents are in the possession of DOCCS, a non-party, given the relationship between the individual defendants and DOCCS and that the individual defendants are sued in their official capacities [26].

After the parties responded to my Order ([32, 33, 34, 36]), I held a conference on July 7, 2015 to address these submissions. Shortly before that conference, defendants also supplemented their response plaintiff's request for production of documents [31], but the parties were unable to informally resolve the motion.

## ANALYSIS

"Courts have wide discretion to manage discovery." Smith v. Haag, 2009 WL 3073976,*3 (W.D.N.Y.2009) (Payson, M. J.). "Discovery under the Federal Rules of Civil Procedure is broad in scope, requiring only that the information sought be 'relevant to any party's claim or defense.'" Id. (*quoting* Rule 26(b)(1)). With this standard in mind, I will address plaintiff's motion.

A.   **Plaintiff's Requests for Production of Documents**

   1.   **Document Requests 1 and 8**

   In response to these requests, defendants acknowledge that they will reconsider their objections if plaintiff narrows his requests.  Given the breadth of these requests, this portion of plaintiff's motion is denied, without prejudice to renewal upon more narrowly tailored requests.

   2.   **Document Requests 2 and 3**

   Even if defendants had preserved their objections by timely responding to plaintiff's discovery demands, I conclude that their objections to these requests lack merit. First, I reject their objection that these requests are not reasonably calculated to lead to the discovery of admissible evidence.  "Actions alleging violations of § 1983 require especially generous discovery". Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y.1997) (Feldman, M.J.). "Prior civilian complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable in §1983 actions". Id.  *See* Simcoe v. Gray, 2012 WL 1044505, *3  (W.D.N.Y. 2012) (Feldman, M.J.) ("Prior complaints made against the defendants, whether substantiated or not, are discoverable in §1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the complaint or are relevant to the defendant's truth or veracity"); Gross v. Lunduski, 304 F.R.D. 136, 144-49 (W.D.N.Y. 2014) (Foschio, M.J.).  Therefore, I conclude that plaintiff's requests for prior grievances and UIRs seek relevant discovery.

Next, defendants argue that the documents are not in their individual possession, custody or control, but rather in the possession of DOCCS, a non-party to this action. *See* Defendants' Response to Plaintiff's Request for Production of Documents [24], p. 2 of 8. I disagree: as Magistrate Judge Foschio recently reasoned, "DOCCS and Defendant's interests are sufficiently aligned and closely interrelated in this case to support a finding that in defending a prisoner's claim of excessive force, such as Plaintiff's claim, the Defendant has the 'practical ability' to obtain documents held by DOCCS, although a non-party, as requested by Plaintiff." Gross, 304 F.R.D. at 143.

This is not an isolated view: "practically every other court within the Second Circuit share[s] the same observations pronounced by Judge Foschio . . . that for litigation purposes, unless there is an obvious conflict of interest, DOCCS and its correctional officers are essentially inseparable when defending against constitutional claims." Wandering Dago Inc. v. New York State Office of General Services, 2015 WL 3453321, *10 n. 9  (N.D.N.Y. 2015).

In response to other requests, defendants have acknowledged they that they have been provided with documents received from DOCCS. *See, e.g.*, supplemental response to Request No. 9 [31] ("DOCCS has provided the enclosed document in response to this request"). Defendants' selective assertion of this objection undermines its merit. Having considered defendants' contrary arguments ([32], pp. 3-6), I see no reason to depart from Magistrate Judge Foschio's well-reasoned decision.

Defendants also argue that plaintiff's "Requests . . . are improperly made against Defendants, *sued only in their individual capacity,* who are not in possession, custody, or control of the documents requested and who have no ability to dictate a non-parties' . . . production

policies or efforts". Defendants' Response [24], p. 1 (emphasis added). I disagree: although defendants may at some point move to dismiss plaintiff's official capacity claims, they have not yet done so, and these claims remain in effect. *See* Amended Complaint [8], ¶¶7-8. Therefore, at this time DOCCS should be treated as a party to this action. *See* Hilton v. Wright, 928 F.Supp.2d 530, 545 (N.D.N.Y. 2013) ("the real party in interest in any official capacity suit against [a DOCCS' employee] is DOCCS, the government entity").

    Finally, defendants object to these requests as being unduly burdensome, arguing that "the probative value of the UIRs and grievances 'involving' Defendants far outweighs the burden that would be placed on DOCCS, a non-party, to produce such material". Defendants' Letter Brief [32], p. 2. Defendants submit the Declarations of Lori Pautler, an Administrative Aide to the Superintendent of Attica [33], and Karen Bellamy, Director of DOCCS Inmate Grievance Program [34], both of whom state that these documents are indexed by inmate name, rather than by the correctional officer which is the subject of the complaint. Pautler Declaration [33], ¶6; Bellamy Declaration [34], ¶5. They explain the burden of manually reviewing these materials, with approximately 200 UIRs and 1000 grievances generated at Attica annually. Pautler Declaration [33], ¶6; Bellamy Declaration [34], ¶12. Ms. Pautler further questions the relevance of the UIRs, arguing that "[m]any times, [they] contain the names of security staff not involved in the unusual incident or, in the case of UIRs that do not directly involve security staff, have the names of security staff in them that were involved after the fact. For example, they might contain the name of security staff who escorted the inmate afer the incident". Paulter Declaration [33], ¶6.

DOCCS' position finds support in a number of decisions, including by me. "It has been repeatedly held by this court that because inmate grievances and complaints filed against DOCS employees are filed according to the inmates making the grievances or complaints, the search required to identify the DOCS employees against whom such grievances or complaints are made would be unduly burdensome and time-consuming, and that such burden would outweigh any benefits provided by the requested discovery." Dorsey v. New York, 2011 WL 4529115, *1 (W.D.N.Y. 2011) (Foschio, M.J.); Willey v. Kirkpatrick, 2011 WL 4368692 *5 (W.D.N.Y. 2011) (Payson, M.J.) ("As this Court has previously held, the burden of searching all inmates' files for grievances against specific defendants is unduly burdensome"); Lionkingzulu v. Jayne, 2013 WL 6628234, *2 (W.D.N.Y. 2013) (McCarthy, M.J.).

However, upon further reflection, I now question this line of authority. As previously discussed, this information is clearly relevant to plaintiff's claims, and while it may be burdensome for DOCCS to search for and produce these records, that burden is attributable to DOCCS' decision to index its complaint records by name of the complaining inmate, rather than by name of the officer who is the subject of the complaint.[5] "[A] party's failure to maintain its documents in a searchable manner does not ordinarily justify its invoking what is, in effect, a self-created burden as an excuse not to produce otherwise relevant documents." Newman & Associates v. J.K. Harris & Co., LLC, 2005 WL 3610140, *1 (S.D.N.Y. 2005).

I recognize that I am changing course. However, to quote Justice Robert Jackson, "I see no reason why I should be consciously wrong today because I was unconsciously wrong

---

[5] I would think that DOCCS would want to know how many complaints have been lodged against its officers.

yesterday". Massachusetts v. United States, 333 U.S. 611, 639-40 (1948) (Jackson, J.; dissenting).  However, I will limit the scope of plaintiff's request to grievances and UIRs concerning uses of force or retaliation in which defendants were the accused perpetrators for a period of one year prior to the alleged March 6, 2012 incident.

    3.    **Document Requests 4 and 9**

Defendants have produced documents allegedly responsive to these requests and plaintiff does not dispute the sufficiency of their production.  Therefore, this portion of plaintiff's motion is denied.

    4.    **Document Requests 5, 6 and 7**

In response to these requests, DOCCS advises that it has no responsive documents.  Since "a request for documents does not include the obligation to create information or documents which a party does not control or possess", I cannot compel defendants to produce these records.  UB Foundation Activities, Inc. v. IT Healthtrack, Inc., 2009 WL 4042937, *5 (W.D.N.Y.2009) (Foschio, M.J.).  Therefore, this portion of plaintiff's motion is denied.

    5.    **Document Request 10**

Notwithstanding the broad scope of permissible discovery, it is not evident what relevance "prison medical staff training and education" materials have to the remaining claims in this action for excessive force and retaliation, especially since plaintiff does not allege any

particular injury or involvement of Attica's medical staff following the alleged excessive force incident.

**B.     Plaintiff's Interrogatories**

The only objection lodged to defendants' belated interrogatory responses were that they were not signed and notarized.  Plaintiff's Response [29], ¶5.  That has been rectified in defendants' supplemental discovery responses. *See* [31-2 - 31-3].  Therefore, this portion of plaintiff's motion is denied.

**C.     Plaintiff's Request for Costs**

Plaintiff seeks "$9,900 as reasonable expenses in obtain this order on the ground that the Defendants refusal to answer the interrogatories and send documents, or produce the documents, had no substantial justification".  Plaintiff's Motion [19], pp. 1-2 of 8.  However, since plaintiff filed his motion before meeting and conferring with defendants in an attempt to obviate the need for the motion, and in view of defendants' prompt response to plaintiff's discovery demands once the motion was filed, I conclude that an award of expenses is unwarranted.  *See* Rule 37(a)(5)(A)(i), (iii). Therefore, this request is denied.

## CONCLUSION

For these reasons, plaintiff's motion is granted to the extent that it seeks grievances and UIRs concerning uses of force or retaliation in which defendants were the accused perpetrators for a period of one year prior to the alleged March 6, 2012 incident, but otherwise is denied.  Defendants shall produce this discovery by November 13, 2015.

**SO ORDERED.**

Dated: September 29, 2015

                                          /s/ Jeremiah J. McCarthy
                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge