UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH JACKSON (05-B-1287),     13-CV-4-LJV-MJR
                                             REPORT AND RECOMMENDATION
             Plaintiff,

    -v-

CHRISTOPHER MONIN and
ERIC WAGNER,

             Defendants.
_____

This case has been referred to the undersigned for all pre-trial matters, including preparation of a report and recommendation on dispositive[1] motions. (Dkt. No. 56). Before the Court is plaintiff Joseph Jackson's motion for a preliminary injunction transferring him to a different correctional facility. (Dkt. No. 62). For the following reasons, I recommend that the motion be denied.

## BACKGROUND

Plaintiff Joseph Jackson, a *pro se* inmate at the Attica Correctional Facility ("Attica"), commenced this 42 U.S.C. §1983 action in 2013. Jackson alleges that in March 2012, two Attica correction officers, Christopher Monin and Eric Wagner, searched his cell and assaulted him in retaliation for grievances he filed against non-party Sergeant O'Connell. (Dkt. No. 8 ¶¶54, 55).[2]

---

[1] A motion for preliminary injunctive relief is a dispositive motion. *See* 28 U.S.C. §636(b)(1); *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002), *aff'd*, 45 F. App'x 59 (2d Cir. 2002).

[2] Jackson has two claims remaining — an Eighth Amendment excessive force claim and a First Amendment retaliation claim. Both claims are against Monin and Wagner in their official and individual capacities. Before Jackson filed his preliminary injunction motion, defendants and Jackson moved for summary judgment on both claims. On March 11, 2016, I entered a Report and Recommendation recommending that the Court grant defendants summary judgment on Jackson's Eighth Amendment

After the March 2012 cell search, but before Jackson commenced this action in 2013, the New York State Department of Corrections and Community Supervision ("DOCCS") transferred Jackson from Attica to Five Points Correctional Facility. Thereafter, DOCCS transferred Jackson to Southport Correctional Facility, then to Sing Sing Correctional Facility, then back to Southport, where he remained until January 2016, when DOCCS transferred him to Attica. When he arrived at Attica, Jackson filed the present, one-page motion for a preliminary injunction transferring him to a different correctional facility. (Dkt. No. 62). In support of his motion, Jackson contends that he faces retaliation at Attica for this lawsuit:

> Today I arrived at Attica Correctional Facility & I am in fear for my life due to the pending litigation matter I have against officers Monin & Wagner who works [*sic*] here. I would like to ask that you please grant an injunction to get me out of this facility immediately.[3]

(*Id.*).

In opposition to Jackson's motion, defendants argue that the Court lacks the authority to grant an injunction transferring Jackson to a different facility, and even if it had such authority, Jackson has not met the requirements for preliminary injunctive relief. (Dkt. No. 64).

## DISCUSSION

"A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair

---

claim and his official capacity claims, but that it deny summary judgment on his First Amendment retaliation claim. (Dkt. No. 66 at 13).

3   The Clerk of Court received Jackson's motion on February 3, 2016. However, because Jackson wrote the wrong case number on his motion, it was not docketed in this action until February 26, 2016. (*See* Dkt. No. 62).

ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff,* 527 F.3d 41, 47 (2d Cir. 2008).  To establish irreparable harm, the moving party must show that "'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (quoting *N.Y. Pathological & X-Ray Labs., Inc. v. INS*, 523 F.2d 79, 81 (2d Cir. 1975)).  Irreparable harm must be "actual and imminent, not remote or speculative."  *Id.*  The alleged violation of a constitutional right ordinarily satisfies the irreparable harm requirement.  *See Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996).

Here, Jackson has no constitutional right to be housed in a particular correctional facility.  *Sher v. Coughlin*, 739 F.2d 77, 80 (2d Cir. 1984) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)).  Moreover, Jackson has not shown that Attica or the DOCCS employees who work there pose an actual and imminent threat to his personal safety.  His fear that Monin and Wagner will retaliate against him for this lawsuit is speculative and does not satisfy the irreparable harm requirement.  *Agostini v. Backus*, No. 14-CV-6188CJS, 2015 WL 1579324, at *3 (W.D.N.Y. Apr. 9, 2015) ("Plaintiff's request for injunctive relief must be denied, since Plaintiff's concern about future retaliation, even if sincere, is speculative, and therefore is not sufficient to establish irreparable harm."); *Smolen v. Dildine*, No. 11-CV-6434CJS, 2011 WL 6030112, at *2 (W.D.N.Y. Dec. 5, 2011) ("Plaintiff nevertheless maintains that he ought to be transferred out of Southport, because it is likely that he will suffer retaliation for his bringing of lawsuits against Southport staff.  However, Plaintiff's concern on this point, even if sincere, is speculative, and is therefore not sufficient to establish irreparable harm."); *Ward v.*

*LeClaire*, No. 9:07-CV-0026(LEK/RFT), 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007) ("Plaintiff's request for injunctive relief against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement."). Accordingly, preliminary injunctive relief is not warranted here.

## CONCLUSION

I recommend that Jackson's motion for a preliminary injunction (Dkt. No. 62) be DENIED.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72.  Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***  See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated:     April 13, 2016
           Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge