UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JOSEPH JACKSON (05-B-1287),

        Plaintiff,

    v.

CHRISTOPHER MONIN and
ERIC WAGNER,

        Defendants.

DECISION
AND
ORDER

13-CV-4-V

───────────────────────────────

The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Michael J. Roemer for all pretrial matters, including those that a magistrate judge may hear and determine, *see* 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, *see* 28 U.S.C. § 636(b)(1)(B).  *See* Docket Item 56.  On March 8, 2016, this case was transferred from Judge Arcara to the undersigned.  Docket Item 65.

The plaintiff commenced this action under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights by searching his cell and assaulting him in retaliation for plaintiff having filed grievances against a non-party, "Sergeant O'Connell."  *See* Docket Item 1.  The defendants moved for summary judgment on October 19, 2015, arguing, among other things, that they were entitled to judgment as a matter of law because the forced used was *de minimis* and did not violate the Eighth Amendment.  *See* Docket Item 42.  The defendants also argued that the plaintiff did not suffer an "adverse action" during the cell search and that there was no causal connection

between the plaintiff's grievances and the search.  The plaintiff opposed the defendants' motion and filed a cross motion for summary judgment.  *See* Docket Item 51.  Judge Roemer then issued a Report and Recommendation in which he recommended granting in part and denying in part defendants' motion for summary judgment and denying plaintiff's cross motion for summary judgment.  *See* Docket Item 66.

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  In doing so, the district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is raised.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Here, neither side objected to the Report and Recommendation, and the time to object has now expired.  Although the plaintiff initially requested an extension of time to file objections, he has since withdrawn that request and has advised that he does not object to the Report and Recommendation.  *See* Docket Item 69.  Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 require a district court to review the recommendation of a magistrate judge to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  Nevertheless, this Court has reviewed Judge Roemer's Report and Recommendation and the papers filed by both sides in support of, and in opposition to, their respective motions.  As a result of that review, this Court agrees with Judge Roemer that even accepting Jackson's allegations as true in all respects, there is no viable Eighth Amendment claim because the alleged force used

against Jackson was, at most, *de minimis*.  *See Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993)(*de minimis* use of force rarely is sufficiently serious to constitute violation of Eight Amendment); *cf*. *McEachin v. Bek*, 2012 WL 1113584, at *7 (W.D.N.Y. April 2, 2012)(striking prisoner in the head three times with a closed fist was *de minimis*); *Jones v. Goord*, 2008 WL 904895 at *4 (W.D.N.Y. Mar. 31, 2008)(same for open-handed slap). Moreover, the claims made against the defendants in their official capacity are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

But there are questions of fact about whether the defendants took adverse action against Jackson as a result of his protected speech or conduct.  For that reason, his First Amendment retaliation claim against the defendants individually survives summary judgment.  *See Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  And those same issues of fact preclude summary judgment in the plaintiff's favor.

For the reasons stated above, this Court adopts Judge Roemer's March 11, 2016 Report and Recommendation (Docket Item 66), and for the reasons stated in the Report and Recommendation, the defendants' motion for summary judgment (Docket Item 42) is granted in part and denied in part.  More specifically, the defendants' motion for summary judgment on the plaintiff's Eighth Amendment excessive force claim and his official capacity claims is granted, and the defendants' summary judgment motion on

the plaintiff's First Amendment retaliation claim is denied.  The plaintiff's cross-motion for summary judgment is denied as well.

IT IS SO ORDERED.

Dated: July 9, 2016
        Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE
