UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH JACKSON (05-B-1287),

           Plaintiff,                                          DECISION
                                                                      AND
           v.                                                                  ORDER

CHRISTOPHER MONIN and
ERIC WAGNER,                                                        13-CV-4-V

           Defendants.
_____

The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Michael J. Roemer for all pretrial matters, including those that a magistrate judge may hear and determine, *see* 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, *see* 28 U.S.C. § 636(b)(1)(B). *See* Docket Item 56. On March 8, 2016, this case was transferred from Judge Arcara to the undersigned. Docket Item 65.

The plaintiff commenced this action under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights by searching his cell at Attica Correctional Facility ("Attica") and assaulting him in retaliation for grievances the plaintiff had filed against a non-party, "Sergeant O'Connell." *See* Docket Item 1. After the March 2012 cell search, the plaintiff was transferred from Attica to Five Points Correctional Facility, then to Southport Correctional Facility, then to Sing Sing Correctional Facility, then back to Southport.

In January 2016, the plaintiff was transferred back to Attica, the facility at which he claims his cell was illegally searched and he was assaulted.  After he arrived there, the plaintiff filed a one-page motion for a preliminary injunction seeking transfer to a different correctional facility.  See Docket Item 62.  The defendants opposed the plaintiff's motion for a preliminary injunction.  Docket Item 64.  Judge Roemer then issued a Report and Recommendation in which he recommended denying the plaintiff's motion for a preliminary injunction.  See Docket Item 70.  Neither side has objected to the Report and Recommendation, and the time for filing objections has now passed.

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  In doing so, the district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is raised.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 require a district court to review the recommendation of a magistrate judge to which no objections are addressed.  See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court nevertheless has reviewed Judge Roemer's Report and Recommendation along with the underlying papers and agrees entirely with his analysis.  Because an inmate has no constitutional right to be housed in a certain facility, this Court lacks the power to grant the requested relief.  *Montanye v. Haymes*, 427 U.S. 236 (1976); *Sher v. Coughlin*, 739 F.2d 77 (2d Cir. 1984).  Moreover, even if

this Court had such power, it would not exercise it here because Jackson has not met his burden to obtain injunctive relief.

Therefore, this Court adopts Judge Roemer's April 13, 2016 Report and Recommendation (Docket Item 70).  For the reasons stated above and in the Report and Recommendation, the plaintiff's motion for a preliminary injunction (Docket Item 62) is denied.

IT IS SO ORDERED.

Dated: July 11, 2016
       Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE
